UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 09-10030-GAO

UNITED STATES OF AMERICA,

v.

ANDREW SYMONEVICH,
Defendant.

OPINION AND ORDER
January 8, 2010

O'TOOLE, D.J.

The defendant, Andrew Symonevich, has moved to suppress recordings of his telephone calls (and all derivative evidence) obtained by the government through a subpoena issued to the Donald W. Wyatt Detention Facility. After review of the parties' submissions, the Motion to Suppress Jail Recordings (dkt. no. 111) is DENIED.

Symonevich argues that the government failed to obtain judicial approval before issuing the subpoena as required by Federal Rule of Criminal Procedure 17.[1] Simply put, judicial approval was not required. The subpoena was not a trial subpoena issued under Rule 17, but an administrative subpoena issued under 21 U.S.C. § 876. See United States v. Phibbs, 999 F.2d 1053, 1077 n.8 (6th Cir. 1993) (noting that an administrative subpoena is "distinct from Rule 17(c) of the Federal Rules of Criminal Procedure").

Alternatively, Symonevich argues that the recordings should be excluded under Federal Rule of Evidence 404. This is a trial issue, and it is reserved until the government seeks to introduce evidence of the content of the recordings at trial.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge

---

[1] In his motion, Symonevich cites a non-existent evidentiary rule, Federal Rule of Evidence 17. It is presumed that he intended to reference Federal Rule of Criminal Procedure 17.